UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEON PEAVY,<br><br>                      Petitioner,<br><br>           v.<br><br>JOHN MARSHALL, Warden,<br><br>                      Respondent. | Civil No.   09-cv-2328-JLS (POR)<br><br>**REPORT AND RECOMMENDATION THAT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS BE DENIED**<br><br>**[Doc. 7]** |

On October 19, 2009, Petitioner, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] On December 14, 2009, Respondent filed a Motion to Dismiss the Petition for failure to exhaust certain claims in state court. [Doc. 7.] On February 18, 2010, Petitioner filed an Opposition to the Motion to Dismiss.[1] [Doc. 12.] In accordance with Local Rule 72.1(d), this Court RECOMMENDS that Respondent's Motion to Dismiss be DENIED.

**I.  PROCEDURAL BACKGROUND**

On June 2, 2006, a jury in San Diego County Superior Court convicted Petitioner of possession of heroin for sale, possession of heroin, possession of marijuana, possession of cocaine, possession of a firearm by a felon, and possession of cocaine base for sale. [Lodg. 1 at 1-5, 41-46, 245-47.] On February 5, 2007, the Superior Court sentenced Petitioner to state prison for five years and eight months. Id. at 207-08, 258-60.  Petitioner appealed, but the California Court of Appeal

---

[1] Although entitled "Traverse to Petition," the document directly responds to the arguments set forth by Respondent in the Motion to Dismiss. Thus, the Court construes Petitioner's filing as an Opposition to the Motion to Dismiss.

affirmed his conviction on March 21, 2008. [Lodg. 5.] Petitioner did not file a petition for review with the California Supreme Court.

On January 6, 2009, Petitioner filed a habeas petition in the California Supreme Court ("CSC Pet. #1")[Lodg. 6], which was denied on February 11, 2009 [Lodg. 7]. In this state petition, Petitioner asserted the following grounds for relief:

(1) Insufficient evidence to support conviction for possession of the handgun and narcotics in violation of Fourteenth Amendment right to due process;

(2) The reasonable doubt instruction (to the jury) deprived him of Fourteenth Amendment rights to a fair trial and due process; and

(3) Trial court improperly imposed consecutive sentences without a factual finding by the jury.

Also on January 6, 2009, Petitioner filed a habeas petition in the California Court of Appeal [Lodg. 8], which was denied on February 23, 2009 [Lodg. 9].

On April 29, 2009, Petitioner filed a further habeas petition in the California Supreme Court ("CSC Pet. #2")[Lodg. 10], which was denied on August 19, 2009 [Lodg. 11]. In this state petition, Petitioner asserted the following ground for relief:

(1) Ineffective assistance of trial counsel for failure to win suppression motion, investigate and present alibi witnesses, file motions, attack veracity of warrant, request a continuance, and interview the prosecution's witnesses.

On May 29, 2009, Petitioner filed another habeas petition in the California Supreme Court ("CSC Pet. #3)[Lodg. 12], which was denied on August 19, 2009 [Lodg. 13]. In this state petition, Petitioner asserted the following grounds for relief:

(1) Prosecution failed to disclose material exculpatory evidence, and trial counsel was ineffective for failure to review the file and investigate leads;

(2) Ineffective assistance of appellate counsel for failure to investigate, pursue exculpatory evidence, raise suppression issue, and review "Frank Puglia's conflict of interest in this matter;"

(3) Prosecution introduced false evidence in violation of Petitioner's due process rights; and

(4) Newly discovered evidence of video tape surveillance of the crime scene and photographs taken by Petitioner's wife and daughter.

On October 19, 2009, Petitioner filed his federal Petition for Writ of Habeas Corpus under 28

U.S.C. § 2254 [Doc. 1], in which he asserts the following claims:

(1) Insufficient evidence to sustain conviction for possession of the handgun and narcotics found in "bedroom one;"

(2) Jury instruction as to reasonable doubt was constitutionally deficient;

(3) The trial court improperly "imposed consecutive sentences without a factual finding by the jury;"

(4) Ineffective assistance of counsel at the preliminary hearing;

(5) Ineffective assistance of counsel for failure to investigate and present alibi witnesses, file motions, attack the "veracity of the warrant affidavit," and visit the crime scene;

(6) Prosecution's failure to disclose material exculpatory evidence;

(7) Violation of Due Process where prosecutor presented false evidence;

(8) Ineffective assistance of appellate counsel for failure to "raise meritorious Fourth Amendment suppression issues" and "review Frank Puglia's conflict of interest in this matter;" and

(9) Newly discovered evidence of video tape and photographs depicting the crime scene.

On December 14, 2009, Respondent filed a Motion to Dismiss the Petition for failure to exhaust certain claims in state court. [Doc. 7.] On February 18, 2010, Petitioner filed an Opposition to the Motion to Dismiss. [Doc. 12.]

## II. DISCUSSION

State courts must be given the first opportunity to decide a state prisoner's habeas corpus claims. In general, a federal court shall not grant a state prisoner's petition for writ of habeas corpus "unless it appears that the applicant has *exhausted* the remedies available in the court of the State." 28 U.S.C. § 2254(b)(1)(A)(emphasis added). Petitioners satisfy the exhaustion requirement by "fairly present[ing] their federal claims to the highest state court" before bringing these claims in federal court. Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002)(quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)). A federal claim is fairly presented if the petitioner has stated the "operative facts and the federal legal theory upon which his claim is based." Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir.2003), *overruled on other grounds by* Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); see also Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Davis v. Silva, 511 F.3d 1005,

1009 (9th Cir. 2008).

Respondent contends that Petitioner has failed to exhaust Ground Six, Ground Seven, and Ground Nine of the Petition. Thus, the Court will address each of these grounds in turn.

A. **Ground Six – Failure to Disclose Exculpatory Evidence**

Under Brady v. Maryland, 373 U.S. 83 (1963), Ground Six of the federal Petition asserts the prosecution failed to disclose material exculpatory evidence, including: (a) identity of those arrested at 5232 Trinidad Way, Petitioner's residence, on May 23, 2005; (b) detective's interview with the manager of the apartment complex; (c) informant Darrell Bradshaw's identification of other individuals visiting the Trinidad Way residence with Visine bottles containing heroin; (d) repeated arrests of Alvin Anderson for possession of heroin in Visine bottles; (e) the presence of Anthony Diamond and his cousin at the Trinidad Way residence; and (f) the "mail to Darrell Bradshaw and clothes at 5232 Trinidad Way." (Pet. at 11.) By comparison, in his state habeas petition, under a heading entitled "Prosecution's Failure to Disclose Material Exculpatory Evidence," Petitioner identified each item of evidence listed above, *except* the "mail to Darrell Bradshaw and clothes at 5232 Trinidad Way." (CSC Pet. #3 [Lodg. 12] at 7.) Thus, the issue becomes whether the addition of the alleged "mail" and "clothes" to the federal Petition compels this Court to find that Petitioner failed to exhaust Ground Six in state court.

A federal habeas claim is unexhausted if it contains new factual allegations that "fundamentally alter the legal claim already considered by the state courts." Lopez v. Schriro, 491 F.3d 1029, 1040 (9th Cir. 2007) (quoting Vasquez v. Hillery, 474 U.S. 254, 260 (1986)). However, exhaustion "does not require that a habeas petitioner . . . present to the state courts *every piece of evidence* supporting his federal claims in order to satisfy the exhaustion requirement." Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008)(emphasis in original). Rather, the allegation of a new fact does not render a claim unexhausted unless the fact "substantially improves the [claim's] evidentiary basis." Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir.1988). Here, the majority of Petitioner's Brady claim consists of each of the factual allegations set forth by his state habeas petition. These allegations include the withholding of (i) a police interview of the manager of the apartment complex; (ii) the identities of potential witnesses, and (iii) an informant's identification of

other people and automobiles possessing heroin.  Even though Petitioner supplements these allegations with a cursory reference to "mail" and "clothes," the new evidence does not "substantially improve" his claim.  First, the mail appears to be associated with Darrell Bradshaw, the informant listed above, who provided information to police, the same informant that Petitioner identified in his *state* habeas petition.  Thus, "[t]he state court[] [was] given a sufficient opportunity to hear [the] issue" of whether the prosecution improperly withheld statements made by Darrell Bradshaw.  Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999)(citing Duncan, 513 U.S. at 365).  Second, it is not clear how the withholding of clothes, under the circumstances of Petitioner's underlying conviction, supports a Brady claim.  Accordingly, the new allegation neither "fundamentally alters" nor "substantially improves" the claim.  Vasquez, 474 U.S. at 260; Aiken, 841 F.2d at 883.

In sum, the Court finds that Petitioner presented "the substance of [Ground Six] to the state courts, and thus properly exhausted his claim within the meaning of § 2254(b)(1)."  Weaver, 197 F.3d at 365.  Therefore, IT IS RECOMMENDED that the Court find this claim exhausted and DENY Respondent's Motion to Dismiss as to Ground Six of the Petition.

**B.     Ground Seven – False Evidence**

Ground Seven of the Petition asserts that the prosecution deprived Petitioner of his right to due process by "allow[ing] false evidence to stand uncorrected."  (Pet. at 12.)  Specifically, Petitioner alleges that three detectives gave false and misleading testimony at trial, and the prosecutor failed to correct the testimony.  Id.  In his state habeas petition, Petitioner asserted the same violation of his right to due process.  (CSC Pet. #3 [Lodg. 12] at 16.)  In fact, the heading of the federal claim is *identical* to the heading of the state claim:  "Denial of Right to Due Process[:] Prosecutor Allowed False Evidence to Stand Uncorrected."  Compare (CSC Pet. #3 at 16) with (Pet. at 12).  However, Respondent argues that Petitioner "suggested [to the state court that] the false testimony was the result of his trial attorney's failure to 'review the case file.'"  (Resp.'s Br. at 6)(quoting CSC Pet. #3 at 16.)  Respondent contends "the California Supreme Court may have treated this claim as one of ineffective assistance of counsel, . . . [and as a result] the claim is unexhausted. . . ."  Id.  The Court does not find Respondent's argument persuasive.

Under clearly established law, "petitions [for writ of habeas corpus] *must be read in context and understood based on the particular words used.*" Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008)(quoting Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003)(en banc))(emphasis added). Furthermore, "pro se habeas petitions are held to a more lenient standard than counseled petitions." Id. (internal citations omitted). In the Ninth Circuit, these principles apply with equal force to the underlying *state* habeas petitions. For example, in Davis, the "question [was] . . . whether Davis' state habeas petition provided the California Supreme Court with all the facts necessary" to exhaust the claim. Id. In particular, the petitioner did not provide a clear narrative of facts, but rather, stated he "'was denied his due process rights under Wolff . . . to a witness,' cite[d] a case, a statute, and a regulation, and note[d] that he was charged with the battery of a non-inmate." Id. at 1010 (quoting the state petition). The Ninth Circuit observed that by "simply cite checking Davis' petition, the state court would have had all the [necessary] facts." Id. Furthermore, the court held the claim exhausted, stating, "if the state court had . . . read those sources in conjunction with the rest of his state habeas petition, the legal theory and operative facts would have become clear." Id. at 1011.

As instructed by the Davis decision, this Court liberally construes Petitioner's state petition and charges the state court with making reasonable inferences in evaluating the state petition. First, the heading of the relevant claim in Petitioner's state petition clearly alleged a due process violation based on the prosecution's introduction of false evidence. (CSC Pet. #3 at 16.) Second, in the statement of facts supporting this claim, Petitioner asserted "[t]he prosecutor and all the representatives of the state all knew that it was perjurerious [sic] testimony." Id. Third, Petitioner concluded his claim with citations to Mooney v. Holohan, 294 U.S. 103 (1935), Giglio v. United States, 405 U.S. 150 (1972), and United States v. Young, 17 F.3d 1201 (9th Cir. 1994). Id. at 17. Each case was properly cited and directly addresses how the introduction of false evidence by the prosecutor gives rise to a due process violation. Thus, "[b]y reading [Petitioner's] *pro se* state petition generously, as Circuit precedent demands, and by checking the sources cited in his petition, as the logic of Supreme Court precedent dictates, the legal theory and factual basis of Petitioner's state petition is clear:" an alleged due process violation arising from the prosecution's introduction of false evidence. Davis, 511 F.3d at 1011. Accordingly, IT IS RECOMMENDED that the Court

hold that Petitioner exhausted the false evidence claim in state court and DENY Respondent's Motion to Dismiss as to Ground Seven.

**C.    Ground Nine – Newly Discovered Evidence**

Ground Nine of the Petition is entitled, "Newly Discovered Evidence." (Pet. at 14.) Specifically, Petitioner identifies the following "new" evidence: (1) video tape surveillance "of the crime scene" and (2) photographs taken by Petitioner's wife and daughter. Id.  Respondent asserts that "Peavy [Petitioner] never presented this claim to the state courts." (Resp.'s Br. at 6.)[2] However, a review of the record reveals that Petitioner presented this *exact* claim to the California Supreme Court in his state habeas petition. (CSC Pet. #3 at 24.) Therefore, IT IS RECOMMENDED that the Court find this claim exhausted and DENY Respondent's Motion to Dismiss as to Ground Nine.

### III. CONCLUSION

After a thorough review of the record in this matter and based on the foregoing analysis, this Court RECOMMENDS that Respondent's Motion to Dismiss be DENIED in its entirety. This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, the Honorable Janis L. Sammartino, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

**IT IS HEREBY ORDERED** that no later than **July 26, 2010**, any party may file and serve written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

//
//
//
//
//

---

[2] In addition, Respondent argues Petitioner failed "to explain how this newly discovered evidence resulted in a violation [of] any federal right." (Resp.'s Br. at 6.) However, this argument relates to the merits of the claim. Pursuant to the Court's Order of October 23, 2009 [Doc. 5 at 2], the Court shall address the merits of the Petition after Respondent files an Answer to the Petition.

1 //

2      IT IS FURTHER ORDERED that any reply to the objections shall be filed and served no later than **ten days** after being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

     **IT IS SO ORDERED**.

DATED: July 12, 2010

                                           LOUISA S PORTER
                                           United States Magistrate Judge

cc:        The Honorable Janis L. Sammartino
           all parties