1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | GARY LEON PEAVY,

CASE NO. 09-CV-2328 JLS (POR)

12 |                Petitioner,

**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; (2) OVERRULING OBJECTIONS; AND (3) DENYING PETITION FOR WRIT OF HABEAS CORPUS**

13 |    vs.

14 | MATTHEW CATE, Secretary,

15 |              Respondent.

(ECF Nos. 27, 29)

16

17      Presently before the Court is Petitioner Gary Leon Peavy's ("Petitioner") petition for writ

18 of habeas corpus.  (Pet., ECF No. 1.)  Also before the Court is Magistrate Judge  Louisa S. Porter's

19 report and recommendation ("R&R") advising the Court to deny the Petition.  (R&R, ECF No. 27)

20 and, Petitioner's objections to the R&R.  (Objections, ECF No. 29.)  Having considered the

21 parties' arguments and the law, the Court **ADOPTS** the R&R and **DENIES** Petitioner's writ of

22 habeas corpus.  To the extent that Plaintiff's objections contain attempts to request document

23 production, discovery, and an evidentiary hearing, those requests are **DENIED**.

24                         **BACKGROUND**

25      Magistrate Judge Porter's R&R contains a thorough and accurate recitation of the factual

26 and procedural history underlying the instant motion.  (R&R 1-4.)  This Order incorporates by

27 reference the background as set forth in the R&R, and briefly summarizes the most relevant facts

28 here.

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 19, 2009.  (Pet. 1.)  Petitioner raises nine grounds for relief stemming from his 2006 convictions of possessing heroin, possessing heroin for sale, possessing marijuana, possessing cocaine, possessing cocaine base for sale, and of being a felon in possession of a firearm, violations of CAL. HEALTH & SAFETY CODE §§ 11350(a), 11351, 11351.5, 1357(b) and of CAL. PENAL CODE § 12021(a)(1).  (R&R 1-2.)  Petitioner was sentenced to five years, eight months in state prison.  (R&R 3.)  Petitioner appealed, alleging there was (1) insufficient evidence of dominion and control; (2) a constitutionally deficient jury instruction; and (3) that his sentencing was incorrect.  (*Id.*)  The Court of Appeals affirmed the judgment.  (*Id.*) Petitioner then filed a habeas corpus petition in the California Supreme Court for the same three claims, which was summarily denied.  Petitioner later filed a habeas petition in the Court of Appeals asserting ineffective assistance of counsel ("IAC"), and the Court of Appeals denied the petition.  (*Id.*)  Petitioner then filed two habeas petitions in the California Supreme Court for IAC; both were denied.  (R&R 3-4.)  Lastly, Petitioner has filed this federal action of habeas corpus alleging nine bases to overturn his conviction:

1. Insufficient evidence to sustain the convictions for possession of the narcotics and the handgun found in "Bedroom 1[1];"

2. Jury instruction as to reasonable doubt was constitutionally deficient;

3. The trial court improperly "imposed consecutive sentences without a factual finding by the jury;"

4. IAC at his preliminary hearing;

5. IAC at trial for failure to investigate and present alibi witnesses, file motions, attack the veracity of the warrant affidavit and visit the crime scene;

6. Failure by prosecution to disclose material exculpatory evidence;

7. Violation of Due Process because of prosecutorial misconduct for allowing false

---

[1] The Court uses the phrase "Bedroom 1" to remain consistent with the factual summary in the California Court of Appeal's opinion (Lodgment 5) that is presumed to be correct.  28 U.S.C. § 2254(e)(1) (directing that a determination of a factual issue made by a State court shall be presumed to be correct).

1    testimony "to stand uncorrected;"

2        8.    IAC of appellate counsel for failure to "raise meritorious Fourth Amendment

3              suppression issues" and "review Frank Puglia's conflict of interest in this matter;"

4              and

5        9.    Requesting consideration of "newly discovered" evidence of video tape and

6              photographs depicting the crime scene.  (Pet.)

7        On December 14, 2009, Respondent filed a motion to dismiss the Petition, contending that

8    Petitioner failed to exhaust three of his nine claims (ECF No. 7), which was denied by the Court

9    (ECF No. 16).   Respondent then filed an answer.  (ECF No. 21.)  Petitioner filed a traverse on

10   December 30, 2010. (ECF No. 26.)  On August 22, 2011, Magistrate Judge Porter issued an R&R

11   advising the Court to deny Petitioner's motion.  (R&R 24.)  Plaintiff objected to the R&R on

12   September 13, 2011.  (Objections.)

13                                **LEGAL STANDARD**

14   **1.    Review of the Report and Recommendation**

15        Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a

16   district court's duties regarding a magistrate judge's report and recommendation.  The district

17   court "shall make a de novo determination of those portions of the report . . . to which objection is

18   made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations

19   made by the magistrate judge."  28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz,* 447

20   U.S. 667, 673–76 (1980).  However, in the absence of a timely objection, "the Court need only

21   satisfy itself that there is no clear error on the face of the record in order to accept the

22   recommendation."  Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*,

23   501 F.2d 196, 206 (9th Cir. 1974)).

24   **2.    Cognizable Claim for Federal Relief**

25        Under federal law, a prisoner seeking relief on claims related to imprisonment may file a

26   petition for habeas corpus pursuant to 28 U.S.C. § 2254.  A federal court "shall entertain an

27   application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment

28   of a state court only on the ground that he is in custody in violation of the Constitution or laws or

1    treaties of the United States." 28 U.S.C. § 2254(a). Federal intervention in state court proceedings

2    is only justified when there are errors of federal law. *Oxborrow v. Eikenberry*, 877 F.2d 1395,

3    1400 (9th Cir. 1989). Federal habeas courts are bound by a state's interpretation of its own laws.

4    *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

5          The Antiterrorism and Effective Death Penalty Act ("AEDPA") controls the review of

6    Petitioner's federal habeas petitions. *Lindh v. Murphy*, 521 U.S. 320, 322–23 (1997). AEDPA

7    establishes a "highly deferential standard for evaluating state-court rulings," requiring "that state-

8    court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

9    A federal court can grant habeas relief only when the result of a claim adjudicated on the merits by

10   a state court "was contrary to, or involved an unreasonable application of, clearly established

11   federal law, as determined by the Supreme Court of the United States," or "was based on an

12   unreasonable determination of the facts in light of the evidence presented in the State court

13   proceeding." 28 U.S.C. § 2254(d). A state court's decision is "contrary to" clearly established

14   federal law if it (1) applies a rule that contradicts governing Supreme Court authority, or

15   (2) "confronts a set of facts that are materially indistinguishable from" a Supreme Court decision

16   but reaches a different result. *Early v. Packer*, 537 U.S. 3, 8 (2002) (internal quotation marks

17   omitted) (citation omitted). An "unreasonable" application of precedent "must have been more

18   than incorrect or erroneous"; it "must have been 'objectively unreasonable.'" *Wiggins v. Smith*,

19   539 U.S. 510, 520–21 (2003). Further, even if a reviewing federal court determines a

20   constitutional error has occurred, relief is only authorized if the petitioner can show that the "error

21   had a substantial and injurious effect" on his conviction or sentence. *Bains v. Cambra*, 204 F.3d

22   964, 977 (9th  Cir. 2000).

23                                        **ANALYSIS**

24         Petitioner's objections essentially repeat arguments already asserted before Magistrate

25   Judge Porter and considered in the R&R.  Nevertheless, the Court liberally construes and considers

26   the pro se Petitioner's discernable objections as now presented.  Petitioner's claims are considered

27   on the merits with a brief summary of the R&R's conclusions, Petitioner's objections and the

28   Court's reasoning.

1   **1.  Ineffective Assistance of Counsel (Grounds Four, Five and Eight)**

2          Petitioner claims that he received ineffective assistance of counsel at his preliminary

3   hearing, trial and appeals.  Ground Four of Petitioner's claim alleges appointed attorney Frank

4   Puglia ineffectively represented him at his preliminary hearing by failing to perform an

5   investigation, to interview witnesses before trial, and to file any motions requested by Petitioner.

6   (Pet. 6.) In his Traverse, Petitioner added the claim that Puglia was not a "conflict free attorney"

7   because of a prior relationship with Ronnie Williamson, a witness for the prosecution in

8   Petitioner's trial.  Ground Five alleges the appointed trial attorney also failed to investigate, to

9   present trial witnesses, to file motions and to attack "the vera[]city of the warrant affidavit."  (Pet.

10  10.)  Petitioner contends that, due to the ineffective assistance of counsel, evidence went

11  uncontested at trial and favorable witnesses were not presented at trial.  (*Id.*)  Ground Eight alleges

12  IAC because the appointed attorney failed to investigate, to pursue exculpatory evidence and to

13  raise meritorious Fourth Amendment issues.  (Pet. 13.)

14  *A.  Summary of the R&R's Conclusions*

15          Magistrate Judge Porter concluded that  "the state court's decision finding Petitioner failed

16  to establish prejudice under *Strickland*, was neither contrary to, nor an unreasonable application of,

17  clearly established federal law."  (R&R 9-13.)   Additionally, the "state court decision was not an

18  unreasonable application of the facts."  (*Id.*)  For all three IAC claims, the R&R concluded that

19  Petitioner failed to satisfy a prejudice attributable to a counselor's representation.  (R&R 10-13.)

20  In addition, the R&R determined that there was no actual conflict for Sixth Amendment purposes,

21  because Peavy failed to "substantiate his conclusory allegations about a relationship between his

22  attorney, Puglia, and Ronnie Williamson."  (R&R 11.)  Lastly, the R&R concluded that the

23  constitutional error allegations (i.e., insufficient evidence to support the dominion and control

24  element of the possession crimes and the alleged IAC) were "unmeritorious in connection with

25  other of his Petition claims."  (R&R 12.)  Furthermore, the R&R determined that according to the

26  requisite "double deference" to state court IAC determinations, *Harrington v. Richter*, 131 S.Ct.

27  770, 788 (2011), the IAC claims should be denied.  (R&R 12.)  Thus, the R&R recommended that

28  habeas relief as to Grounds Four, Five and Eight claims therefore be **DENIED**.

***B. Objections to the R&R's Conclusions***

Petitioner reasserts his ineffective assistance of counsel arguments in his Objections to the R&R, by again arguing that he received ineffective assistance of counsel because of his attorneys' failure to conduct a proper investigation, raise motions he requested, present alibi witnesses and adequately prepare for trial.  (Objections 5-6.)

***C. Analysis***

As the R&R correctly recognized, the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), governs ineffective assistance of counsel claims.  *See Williams v. Taylor*, 529 U.S. 362, 391 (2000) ("*Strickland* . . . provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims."); *Sims v. Brown*, 425 F.3d 560, 584 (9th Cir. 2005).  Under *Strickland*, a petitioner's claim for ineffective counsel must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688; and (2) "deficiencies in counsel's performance [were] prejudicial to the defense," *Id.* at 692.  A court does not need to address both prongs of the *Strickland* test if the petitioner makes an insufficient showing on one.  *Id.* at 697.

Here, the state court's determination was neither contrary to, nor an unreasonable application of, *Strickland*.  First, Petitioner claims he was denied competent representation at his preliminary hearing (Ground Four), but there is no constitutional right to a preliminary hearing. *Hines v. Enomoto*, 658 F.2d 667, 677 (9th Cir. 1981); *Rose v. Mitchell*, 443 U.S. 545, 576 (1979). Regardless, Petitioner's claim that the attorneys' failure to view the crime scene would have led to discovery of the "false affidavit for a search warrant" (Objections 5-6 at No. 32) is without merit because there is no evidence that counsels' choice to not view the crime scene was unreasonable. *See Turner v. Calderon*, 281 F.3d 851, 877 (9th Cir. 2002) (holding that the relevant inquiry is not what counsel could have pursued but whether the choices that were made were reasonable).  The state court found that Petitioner's allegations of his attorneys' failures to investigate or present witnesses were not substantiated by evidence to establish that an otherwise different verdict would have been achieved in his case.  Further, Petitioner does not cite to anything to support his accusations that his attorneys failed to investigate.  Moreover, there is no evidence that the

1   testimony from any "favorable character witnesses to show he was not a drug dealer" would have

2   been admissible.  (R&R 12 (quoting Lodgment 9 at 1-2).)  Thus, Petitioner has failed to establish

3   prejudice because he could not show that it was reasonably probable that, but for his counselors'

4   failings, the result of his case would have been more favorable to him.  Because Petitioner cannot

5   establish prejudice as a result of IAC for any of his three claims, Grounds Four, Five and Eight fail

6   under *Strickland*.

7        Therefore, the Court **ADOPTS** the R&R and **DENIES** habeas relief on these claims.

8   **2.  Insufficient Evidence of Essential Element (Ground One)**

9   *A.  Summary of R&R's Conclusions*

10       Magistrate Judge Porter concluded that Petitioner failed to offer clear and convincing

11  evidence that the state courts' merits adjudication was objectively unreasonable in light of the

12  evidence.  (R&R 13-14.)  The R&R determined that the state courts' result comports with clearly

13  established United States Supreme Court authority.  (*Id.*)  Further, the R&R concluded that the

14  state courts' factual finding that there was sufficient evidence to support the conviction was

15  objectively reasonable.  (*Id.*)

16  *B.  Objections to the R&R*

17       Petitioner reasserts his insufficient evidence argument in his Objections to the R&R,

18  repeating his argument that there was insufficient evidence to establish dominion and control over

19  Bedroom 1 because (1) there were female clothes and cosmetics in the room and (2) the mail

20  addressed to Petitioner found in Bedroom 1 was "planted by Darrell Bradshaw or the San Diego

21  police Det. Millett."  (Objections 8 at No. 46.)

22  *C.  Analysis*

23       The review standard for sufficiency of evidence challenges, derived from *Jackson v.*

24  *Virginia*, 443 U.S. 307, 319 (1979), "focuses on whether any rational juror could have convicted"

25  the petitioner and "looks to whether there is sufficient evidence which, if credited, could support

26  the conviction."  *Schlup v. Delo*, 513 U.S. 298, 330 (1995).  Further, a petitioner can only prevail

27  by offering clear and convincing evidence that the state court's merits adjudication was objectively

28  unreasonable in light of the evidence.  *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The record

indicates that there is substantial evidence that Petitioner had dominion and control of Bedroom 1

because Petitioner possessed a key to open the room and his mail was found within Bedroom 1.

(R&R 13-14 (citing Lodgment 5 at 5-6).)  As the Court of Appeal correctly noted, "the fact that

items belonging to another person were found in Bedroom 1 does not diminish the fact that he had

access and control over the room."  (*Id.*)  The Court agrees with Magistrate Judge Porter that the

inference of dominion and control over Bedroom 1 is easily made by the evidence.  Thus, the state

courts' determination was not objectively unreasonable and the *Jackson* standard is satisfied.

Therefore, the Court **ADOPTS** the R&R and **DENIES** habeas relief on this claim.

### 3. Constitutionally Deficient Jury Instruction (Ground Two)

*A.  Summary of R&R's Conclusions*

Magistrate Judge Porter concluded that jury instruction CALCRIM No. 220, the reasonable

doubt instruction, comports with federal due process requirements, and when considered together

with the given jury instructions, CALCRIM Nos. 100, 103, 335, and the entire jury charge, the

jury was "adequately and properly informed of the prosecution's burden of proof" and the

considerations informing its decision toward whether the prosecution had carried its burden.

(R&R 16.)

*B.  Objections to the R&R*

Petitioner objects to the R&R's conclusions, but only states that "Petitioner denies the

allegations contained."  (Objections 15 at No. 48 & 49.)  He provides no further evidence or

authority for his claims.

*C.  Analysis*

"The Due Process Clause protects the accused against conviction except upon proof

beyond a reasonable doubt of every fact necessary to constitute the crime with which he is

charged." *People v. Westbrooks*, 151 Cal. App. 4th 1500, 1508 (2007) (internal quotation marks

omitted) (quoting *In re Winship*, 397 U.S. 358, 364 (1970)).  Petitioner contends that the jury

instruction CALCRIM No. 220 is defective because arguments made by his attorney to interpret

the evidence in a light favorable to the defense were prevented from being credited by the jury.

Petitioner further argues that the jury was prevented from considering whether a lack of evidence

to prove guilt precluded guilty verdicts.  However, when the entire four-paragraph jury instruction is considered, CALCRIM No. 220 comports with federal due process requirements because it adequately and properly informs the jury of the prosecution's burden of proof and of what considerations may inform the jury's decision as to whether the prosecution has carried its burden. *See, e.g., Westbrooks*, 151 Cal. App. 4th at 1500 (where CALCRIM No. 220 survived an identical constitutional challenge).

Therefore, the Court **ADOPTS** the R&R and **DENIES** habeas relief on this claim.

**4.  Improper Imposition of Consecutive Sentences (Ground Three)**

*A. Summary of R&R's Conclusions*

Magistrate Judge Porter concluded that the state court's imposition of consecutive, rather than concurrent, sentences was not contrary to, nor an unreasonable application of United States Supreme Court authority because consecutive sentences are not a sentencing enhancement, and thus do not violate *Cunningham*.  Per the Sixth Amendment, "any fact that exposes a defendant to a greater potential sentence [beyond the prescribed statutory maximum] must be found by a jury, not a judge, and established beyond a reasonable doubt." *Cunningham v. California*, 549 U.S. 270, 281 (2007).  The R&R determined that the state court's decision to impose consecutive rather than concurrent sentences is not a sentence enhancement and did not violate Petitioner's Sixth Amendment right to a jury trial.  (R&R 17-18); *Oregon v. Ice*, 555 U.S. 160, 168-69 (2009).

*B. Objections to the R&R*

Petitioner objects to the R&R's conclusions, but only states that "Petitioner denies the allegations contained."  (Objections 15 at No. 50 & 51.)  He provides no further evidence or authority for his claims.

*C. Analysis*

Section 669 of the California Penal Code requires that when a person has been convicted of two or more offenses, the court must decide whether the terms are to run concurrently or consecutively.  The imposition of consecutive sentences does not constitute a sentence enhancement. *People v. Black*, 41 Cal. 4th 799, 820-21 (2007).  In deciding whether or not to impose consecutive terms, the trial court may consider aggravating and mitigating factors, but

1   there is no requirement that the court find that an aggravating circumstance exists. Factual findings

2   are not required; the sentencing court need only cite "reasons." *Id.* at 822.  Here, the record reflects

3   that the state court gave a lower sentence than Petitioner's criminal history could have warranted,

4   and that the court discussed its reasons for striking Petitioner's two priors.  (R&R 17 (citing

5   Lodgment 14, Vol. 10, RT 1191, 1200-04).)  The court also gave reasons for selecting the cocaine-

6   based conviction as the principle term and its decision to have three of the sentences run

7   concurrently and two of the counts run consecutively.  (R&R 17 (citing Lodgment 1, CT 0207).)

8   Thus, the imposition of consecutive sentences does not constitute a sentence enhancement.  The

9   state court's sentencing did not violate Petitioner's Sixth Amendment rights.  As such, consecutive

10  sentencing is not a claim for which habeas relief can be granted.

11          Therefore, the Court **ADOPTS** the R&R and **DENIES** habeas relief on this claim.

12  **5. Failure To Disclose Exculpatory Evidence (Ground Six)**

13  ***A. Summary of R&R's Conclusions***

14          Magistrate Judge Porter concluded that Petitioner's constitutional rights under *Brady v.*

15  *Maryland* were not violated because "Petitioner has not demonstrated that the prosecution

16  suppressed material evidence depriving Petitioner of a fair trial."  (R&R 20); *Brady v. Maryland*,

17  373 U.S. 83, 87 (1963).  The R&R determined that Petitioner has not met his burden of showing

18  that the non-disclosed evidence was material and favorable to defendant, that the evidence was

19  suppressed, or that a prejudice ensued as a result of the suppression.  (R&R 19.)  The R&R

20  evidences its conclusion with Petitioner's own statement that he would have revealed the allegedly

21  material evidence to his appointed attorneys had they asked him about it (Pet. 11), concluding that

22  because Petitioner had within his knowledge the information by which they could ascertained the

23  supposed *Brady* material, there was no suppression and there is no violation. (R&R 19-20.)

24  ***B. Objections to the R&R***

25          Petitioner objects to the R&R's denial on both procedural and substantive grounds.  First,

26  Petitioner asserts that his *Brady* claim is not untimely presented because he has satisfied "the

27  exhaustion requirement by "fairly present[ing]" their federal claims to the highest state court" and

28  cites to *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) (quoting *Duncan v. Henry*, 513 U.S.

364, 365 (1995)).  (Objections 8 at No. 53.)  Secondly, Petitioner argues that regardless of the

materiality standard under *Brady*, if the non-disclosure could have led the defendant to discover

favorable admissible evidence, "under Ninth Circuit law[,] evidence is material if it might have

been used to impeach a government witness [citing *Carriger v. Stewart*, 132 F.3d 463, 481

(9th Cir. 1997)]."  (Objections 8-9 at No. 55.)  Lastly, Petitioner contends that he did tell his

attorneys all the relevant evidence, but that "the information was not used."

(Objections 9 at No. 56.)

## C. Analysis

Petitioner's objections are ultimately unsuccessful because even properly exhausted claims

may also be procedurally defaulted in federal court.  *Beaty v. Stewart*, 303 F.3d 975, 987

(9th Cir. 2002). The state court determined that Petitioner's Ground Six claim was procedurally

barred (R&R 18-19), thus, the Court is precluded from reviewing the merits of the claim because

the procedural bar was adequate and independent.  *Harrington v. Richter,* 131 S.Ct. 770, 785

(2011)*; In re Clark*, 5 Cal. 4th at 769 n. 9 (holding that a petition can be summarily denied it if is

procedurally barred).

Nonetheless, even when reviewing Petitioner's *Brady* claim on the merits, Petitioner has

not met his burden of proving that the non-disclosure of evidence was material, favorable to the

defendant, suppressed by the government, or that a prejudice resulted.  *Strickler v. Greene*,

527 U.S. 263, 281-82 (1999).  Petitioner does not even support his objection with any proof that it

was the prosecution who suppressed the evidence.  (Pet. 11.)  Further, the claimed suppressed

evidence is not material because Petitioner does not show a reasonable probability that if the

defense would have had access to the information, the result of the trial would have been any

different.  *U.S. v. Bagley*, 473 U.S. 667, 682 (1985).

Therefore, the Court **ADOPTS** the R&R and **DENIES** habeas relief on this claim.

## 6. Prosecutor Allowed False Evidence Without Correction (Ground Seven)

### A. Summary of R&R's Conclusions

Magistrate Judge Porter concluded that Petitioner's claims that three detectives gave "false

misleading testimony" (Pet. 12) during his trial and that the prosecutors failed to correct the false

testimony is without merit because Petitioner does not establish how the allegedly false evidence was material to the jury's verdict.  (R&R 20-21.) The R&R held that "Petitioner was convicted on ample direct and circumstantial evidence of all the elements of the crimes," such as the multiple citizen complaints about drug trafficking in Petitioner's home that led to the search warrant and evidence that "supports the findings that Petitioner frequented the home."  (R&R 22.)  Thus, even if Petitioner's Ground Seven claim is not procedurally deficient, it fails to establish a violation of Petitioner's Fourteenth Amendment right to a fair trial.  (*Id*.)

**B.  Objections to the R&R**

Petitioner reasserts his claim that "Det. Millet lies about her Trial testimony" by embellishing her "observation of drug dealing occurring" and that Det. Millet "falsely presented" her observations that secured the affidavit for the search warrant.  (Pet. 12.)  Petitioner also contends that Det. Cahill falsely testified that Petitioner's girlfriend lived at the apartment where the narcotics and handgun were found.  (Traverse 13.)  Lastly, Petitioner asserts that Det. Pettitt misleadingly or falsely stated that he did not know Darrel Bradshaw, whom Petitioner alleges was the main informant to the police.  (*Id*.)  As a result, Petitioner contends that his due process rights were violated because of the "knowing use of any false evidence by the state, whether it is by document, testimony, or any other form of admissible evidence (*See Phillips v. Woodford*, 267 F.3d 966, 984-85 (9th Cir. 2001))." (Objections 9 at No. 57.)

**C.  Analysis**

Petitioner is correct that "a conviction obtained through the use of false evidence, known to be false by the representatives of the State, must fail." *Napue v. Illinois*, 360 U.S. 264, 269 (1959).  However, Petitioner has failed to establish that the uncorrected or false testimony was material to his conviction and that as a result, he received an unfair trial.  As previously held by the Court of Appeals, there was reasonably found probable cause for the search warrant, even without Det. Millet's allegedly false testimony regarding her observations about the drug activity and about the grounds for a search warrant.  Bradshaw, the alleged informant, did not participate or testify at Petitioner's trial.  Moreover,  Detective Cahill's testimony regarding Petitioner's dominion and control over the residence was supported by evidence.  (R&R 21-22.) Thus, Petitioner has not met

his burden of proving that there was a reasonable likelihood that the allegedly false testimony affected the judgment of the jury. *United States v. Agurs,* 427 U.S. 97, 103 (1985).   Additionally, Petitioner cannot, by his own admission, prove his claims that the detectives' testimony was false or that the prosecution knew or should have known that the testimony was actually false. (Lodgment 12 at 16.)  Petitioner has not met his burden to establish that his conviction was based on false evidence or that the false evidence was material to the outcome.

Therefore, the Court **ADOPTS** the R&R and **DENIES** habeas relief on this claim.

**7.  Newly Discovered Evidence (Ground Nine)**

*A.  Summary of R&R's Conclusions*

Magistrate Judge Porter concluded that Petitioner's request for an evidentiary hearing as a result of two newly discovered pieces of evidence, (1) video tape surveillance and (2) photographs taken by Petitioner's wife and daughter of the crime scene, is not a basis for habeas relief after applying AEDPA standards because Petitioner's request exceeds the limited statutory authority of a federal habeas court reviewing state court determinations.  (R&R 22-23.)  The R&R holds that an evidentiary hearing is not authorized under AEDPA, citing 28 U.S.C. § 2254(e).

*B.  Objections to the R&R*

Petitioner objects to the R&R's conclusion, arguing that for "claims for which no adjudication on the merits in state court was possible, however, AEDPA's standard of review does not apply" and therefore, there should be no deference to any state court proceeding. (Objections 10 at No. 62.)

*C.  Analysis*

Per 28 U.S.C. § 2254(e), this Court is limited in its review of Petitioner's request for an evidentiary hearing based on newly discovered evidence.  *Baja v. Ducharme,* 187 F.3d 1075, 1077 (9th Cir. 2005).  Evidentiary hearings for habeas proceedings in federal court are prohibited unless the requirements 28 U.S.C. § 2254(e)(2) are satisfied.  The provision holds that if Petitioner has failed to develop the factual basis of a claim in State court proceedings, the Court shall not hold an evidentiary hearing unless the Petitioner shows that:

the claim relies on ... a factual predicate that could not have been previously discovered through the exercise of due diligence and ... the facts underlying the claim would be

sufficient to establish by clear and convincing evidence that but for constitutional error, no
reasonable factfinder would have found the applicant guilty of the underlying offense.
*Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999)

Petitioner is not able to establish the mandatory condition that Petitioner's claims are based on facts which "would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty." 28 U.S.C. § 2254(e)(2).  As discussed above, there is no evidence that a constitutional error occurred.  Further, Petitioner presents no evidence that the state court's decision was an unreasonable determination of the facts. Thus, the Court is bound by the jury's fact-finding. Accordingly, Petitioner's request for an evidentiary hearing is denied due to lack of federal review authority under AEDPA.

Therefore, the Court **ADOPTS** the R&R and **DENIES** habeas relief on this claim.

**8. Petitioner's Claims are Procedurally Deficient (Grounds Six, Seven, Eight and Nine)**

*A. Summary of R&R's Conclusions*

In addition to the deficiencies already noted, Magistrate Judge Porter also concluded that several of Petitioner's claims, Grounds Six through Nine, should be denied on procedural grounds. (R&R 7.)  Specifically, the R&R determined that Petitioner's claims are procedurally defaulted because they were untimely presented to the California Supreme Court and Petitioner did not present justification for the substantial delay.  (*Id.*)  The R&R recommends that Petitioner's claims Six through Nine are foreclosed to federal review because the California Supreme Court rejected the claims on adequate and independent state law grounds.  *See Harrington v. Richter*, 131 S.Ct. 770, 785 (2011) (holding that when a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits).

*B. Objections to the R&R*

Petitioner objects to the R&R's conclusion, arguing that if there is deliberate deception of the court by the presentation of false evidence, the resulting conviction must be set aside if there is any reasonable likelihood that the false testimony could have effected the jury verdict. (Objections 5, No. 29.)

*C. Analysis*

Generally, absent justification for the failure to present all known claims in a single, timely petition for a writ of habeas corpus, successive or untimely petitions will be summarily denied. *In re Clark*, 5 Cal. 4th 750 (1993).  There is an exception if a petitioner can present facts which, if proven true, would establish that a fundamental miscarriage of justice had occurred.  *Id*.  A fundamental miscarriage of justice can be established by showing: (1) an error of constitutional magnitude led to a fundamentally unfair trial that, absent the error, no reasonable judge or jury would have convicted the petitioner or (2) if the petitioner is actually innocent.  *Id*.  Petitioner does not state specific facts to prove that Grounds Six through Nine were presented without substantial delay.  Furthermore, Petitioner does not show that any claim resulted in a fundamental miscarriage of justice, as discussed above.  Petitioner's Objection, while a true statement of the law, highlights his objections' deficiencies.  Petitioner provides no evidence that there was "deliberate deception," evidence of who engaged in the deception, or if there was any reasonable likelihood that the presentation of the false evidence could have effected the jury verdict.  Petitioner is not entitled a consideration of the merits of the claims for Grounds Six through Nine.

## CONCLUSION

For the reasons stated, the Court **ADOPTS** the R&R in full and **DENIES** this Petition in its entirety.  This Order concludes the litigation in this matter.  The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:  August 1, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

09cv2328